Chen v. Garland

BIA
Schoppert, IJ
A205 877 758

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-two.

PRESENT:
        JOSÉ A. CABRANES,
        MICHAEL H. PARK,
        EUNICE C. LEE,
            *Circuit Judges.*

_____

MIN MIN CHEN,
        *Petitioner*,

        v.                                          20-319
                                                    NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Theodore N. Cox, New York, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General; M.
                         Jocelyn Lopez Wright, Senior
                         Litigation Counsel; Jacob A.

Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Min Min Chen, a native and citizen of the People's Republic of China, seeks review of a January 15, 2020 decision of the BIA affirming an April 20, 2018 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Min Min Chen,* No. A 205 877 758 (B.I.A. Jan. 15, 2020), *aff'g* No. A 205 877 758 (Immigr. Ct. Apr. 20, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

2

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant," and inconsistencies within and between an applicant's statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Chen was not credible as to his claim that he was arrested and beaten for practicing Christianity in an underground church.

The agency reasonably relied on inconsistencies among Chen's statements and evidence regarding the host of his underground church, whether any members escaped arrest during an alleged raid, and how often he attended church. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency was not required to

3

credit Chen's explanation for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)); *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence . . . a reviewing court must defer" to the agency's choices "so long as the deductions are not illogical or implausible." (internal quotation marks and citation omitted)). The adverse credibility determination is bolstered by the IJ's assessment of Chen's demeanor, to which we defer. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (giving "particular deference" to an IJ's demeanor finding because "the IJ's ability to observe . . . demeanor places her in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question" (internal quotation marks omitted)).

Finally, the agency reasonably concluded that Chen's corroborating evidence did not otherwise satisfy his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (providing that agency weighs credible testimony and other evidence in determining whether asylum applicant has met his burden of proof). The agency did not err in declining to credit letters from China because the letter purportedly from a fellow underground church member was inconsistent with Chen's statements, and the authors of the letters were not available for cross-examination or were both unavailable and interested witnesses. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (upholding BIA's decision to afford little weight to letter from applicant's spouse in China); *Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished weight to letters from "relatives and friends" because they were from interested witnesses not subject to cross-examination), *abrogated on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Chen's remaining documents did not resolve the inconsistencies in his statements and evidence. *See Y.C.*, 741 F.3d at 332 ("We generally defer to the agency's evaluation of the weight to

5

be afforded an applicant's documentary evidence.").

In sum, the inconsistencies and demeanor finding constitute substantial evidence for the adverse credibility determination and, absent credible testimony or reliable corroboration, the agency did not err in concluding that Chen failed to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); *Xiu Xia Lin*, 534 F.3d at 167. This determination is dispositive of asylum, withholding of removal and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6